On Rehearing
Before ELLIS, LOTTINGER, HER-GET, LANDRY and REID, Judges.
LOTTINGER, Judge.
In our original consideration of this matter we concluded that the pleadings were. *889 sufficient to have warranted the Lower Court’s consideration of the sufficiency of the valuation of the expropriated tract. After reconsidering the matter we have concluded that we erred in so holding and that the introduction of the testimony with respect to value on the part of the defendant was improper.
LSA-R.S. 48:451 provides in part as follows:
“Where a portion of a lot, block or tract of land is expropriated, any defendant may apply for a trial to determine the just and adequate compensation to which he is entitled, provided:
“(1) He files an answer within one year from the date he is notified in writing by the department that it has finally accepted the construction of the highway project for which the property was expropriated;
'“(2) His answer sets forth the amount he claims as the value of each parcel ■expropriated and the amotmt he claims as damages to the remainder of his property,
“(3) His damage claim is reasonably itemized; * * (Emphasis supplied)
The pertinent portions of the defendant’s answer are as follows:
“17.
“Defendant denies that the amount named and fixed as the compensation to be paid defendant is just or adequate, and, further denies that the persons who made the appraisal are competent to fix the amount of compensation as they are employees of the plaintiff and are not familiar with the value of real estate in St. Tammany Parish.
“18.
“Defendant denies Article 18 of the petition.
“19.
“Further answering and assuming the petition of plaintiff and reconvention defendant now shows:
“That the reconstruction and widening the existing highway along side of and in front of defendants property, the mesh wire fence will be destroyed, and that the said fence being 850 feet in length with concrete posts and two brick columns has a value of at least One Thousand (1000.00) Dollars and that the destruction of the same will cause loss and damage to this defendant in that sum.
“20.
“Further, defendant alleges that the widening of the highway will cause a further loss and damage to his property in the sum of Five thousand ($5,000.-00) Dollars by making the same unsightly and forcing defendant to have to enter his property from the side in order to reach the highway, thus causing great inconvenience and damage all of which will amount to the sum of Five Thousand ($5,000.00)- — -Dollars.
“WHEREFORE, defendant prays that there be judgment herein on his reconventional demand, and in his favor and against the plaintiff for the full sum of Six Thousand ($6,000.00) Dollars, and defendant further prays for all general relief in the premises and all costs.”
Timely objection was made by counsel for the State to the introduction on behalf of defendant of evidence with respect to valuation.
A reading of defendant’s answer shows that without doubt he has failed completely to comply with the clear and unambiguous provisions of LSA-R.S. 48 :- 451 and particularly Subdivision (2) thereof. While it may well be that it was in *890 tended by the answer to contest the valuation placed on the property by the State a mere denial thereof does not constitute compliance with the provisions requiring that he set forth the amount he claims as the value of the property expropriated. These provisions are, we believe, mandatory, and failure of the pleadings to establish ■ the foundation for the evidence should have resulted in its exclusion.
The defendant contends that Articles 862 and 5051 of the LSA-Code of Civil Procedure supercede the technical requirements of the quoted statute. The quoted statute deals with a special subject matter, however, Act 15 of 1960, the first section of which enacts the Louisiana Code of Civil Procedure, provides in Section 4(B) (2) (b) that none of the provisions of the new code shall “[ajffect the validity or change the legal effect of any judicial, official, or procedural act done or attempted, or of any faihtre to act, prior to the effective date * * * including but not limited to any: * * * pleading filed * (Emphasis added). LSA-C.C.P. Vol. 1, p. 748.
The pleadings in this case were filed before the effective date of the code, viz. before January 1, 1961, and as provided in Section 4(B) (2) (b) of Act 15 of 1960, the liberal provisions of the Code of Civil Procedure cannot change the legal effect of said pleadings.
Had evidence offered by the defendant with regard to the value of the property been introduced without objection, the pleadings would have been enlarged, and plaintiff could not now complain. But the record discloses that the plaintiff objected to the introduction of any evidence relative to the value of the property. The objection was based on the failure of the defendant’s answer to comply with the provisions of LSA-R.S. 48:451 quoted above, and the objection was made general as to all such evidence.
The District Court erroneously overruled the objection, and subsequently, impressed with the gross inadequacy of the compensation offered by the Department of Highways as shown by the testimony of defendant and his witnesses (which was admitted subject to plaintiff’s objections), the Court made the following statement:
“Article 17 of the answer denies the adequacy of the compensation, but does not affirmatively set forth the amount claimed. This amount does not appear anywhere else in the answer. Technically, there can be no doubt that the requirements of the statute are not met. However, in view of the tendency of the Court of this state to take a lenient view toward technical deficiencies in pleadings; and in view of the provisions of Article 862 of the new Code of Civil Procedure, I am of the opinion that justice would not be served if defendant were denied the compensation which he deserves. The denial contained in Article 17 is sufficient to place plaintiff on notice that the adequacy of the compensation for the value of the land is being contested.”
LSA-R.S. 48:451 clearly and plainly requires that the defendant’s answer state the amount the defendant claims as the value of each parcel expropriated. To deny an allegation of the plaintiff’s petition and thereby place the plaintiff on notice that the adequacy of the compensation for the value of the land is being contested is not a compliance with the statute.
For these reasons our original judgment is recalled, set aside and reversed, and the judgment of the District Court, reversed in part and affirmed in part.
It is therefore ordered, adjudged and decreed that the market value of the property expropriated be and the same is hereby fixed at Five Hundred Ninety-Two and 10/100 ($592.10) Dollars.
*891 It is further ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, State of Louisiana, through the Department of Highways, and against the defendant, Lawrence H. Hyland, rejecting the latter’s demands.
Considering our discretion in the taxing of costs against any party as provided in LSA-C.C.P. Article 2164, and regarding such to be equitable under the circumstances of this case, we hereby tax all costs of this and the Lower Court against the plaintiff-appellant.
Judgment amended and affirmed.